### Frank S. Wright v. St. Louis Hoop and Stave Company.

1. FINDINGS BY THE COURT—*Not Against the Weight of the Evidence Must Stand.*—This court is unable to say that the finding of the issues by the trial court is against the weight of the evidence and such finding must stand.

2. SALES—*Notice of Acceptance of Permission to Throw Away Defective Goods.*—A letter written by a vendor told the vendee that he might throw away such goods as he could not use. The vendee exercised this right but failed to notify the vendor as to what portion of the goods he found unfit for use. *Held,* that such notice was not essential to the right of the vendee to act upon the proposal of the vendor.

**Assumpsit,** on the common counts. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed if remittitur be entered, otherwise reversed and remanded. Opinion filed January 27, 1897.

F. H. TRUDE, attorney for appellant.

WILLIAM G. ADAMS, attorney for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

No error is assigned except as to the sufficiency of the evidence to sustain the finding.

What the agreement of appellant and appellee was as to the quality of the goods purchased, was a question of fact.

We are unable to say that the finding of the issues by the trial court is against the weight of the evidence.

There is, however, one item included in the assessment of damages improperly, as we think, viz.: the item of $124.50 allowed for the carload of No. 2 staves.

There is no conflict in the evidence as to this item. It was shown conclusively that appellee agreed to a reduction to the amount of staves which appellant could not use. It also appeared conclusively that appellant did not and could not use this carload.

A letter written by appellee told appellant that he might throw away such staves of that carload as he could not use. Appellant failed to notify appellee what number of staves he found unfit for his use. But we do not think that such notice was essential to the

right of appellant to act upon the proposal of appellee and to throw away the entire carload when found unfit for use. If it had been a proposal to permit appellant to reject merely, and a purpose to take the goods again had been indicated by appellee, a different question would arise. But here it was appellee's own proposition that the goods should be thrown away, and no action on his part was dependent upon a notice that appellant had followed his suggestion.

No claim was made by appellee for the value of the carload in the declaration originally filed, nor by affidavit accompanying the same.

If this amount, viz.: $124.50, is remitted from the judgment within ten days, the judgment will then be affirmed, and neither party will recover costs in this court; otherwise, the judgment will be reversed and the cause remanded.